# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41156
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDWARD IVAN SALINAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-12-1

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:*

Edward Ivan Salinas appeals the sentence imposed after he pleaded guilty to possession with intent to distribute about 781 kilograms of marijuana. He contends that the sentence was procedurally unreasonable because the district court wrongly calculated the guideline range by refusing to grant a four-level or two-level reduction for his minimal or minor role. We review for clear error a sentencing court's determination that a defendant did not play a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

minor or minimal role in the offense. *United States v. Fernandez*, 770 F.3d 340, 345 (5th Cir. 2014). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *Id.* (internal quotation marks and citations omitted).

A mitigating role reduction "is not precluded" for a defendant who transported drugs and was held accountable only for the drugs he handled. U.S.S.G. § 3B1.2, cmt. n.3(A) (2012). The Introductory Commentary to Section 3B1 states:

> This Part provides adjustments to the offense level based upon the role the defendant played in committing the offense. The determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of §1B1.3 (Relevant Conduct), i.e., all conduct included under §1B1.3(a)(1)-(4), and not solely on the basis of elements and acts cited in the count of conviction.

Recently, we explained:

> Section 3B1.2 does not contemplate that the participation level is to be evaluated in reference to the entire criminal enterprise of which Defendant is a part. Instead, [§] 3B1.2 asks whether a defendant's involvement is comparable to that of an average participant. Whether someone was an average participant is to be determined in light of the conduct for which the defendant is held responsible.

*United State v. Perez-Solis*, 709 F.3d 453, 471 (5th Cir. 2013)(internal quotation marks and citations omitted). Furthermore, "[i]t is not enough that a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity." *United States v. Thomas*, 690 F.3d 358, 375-76 (5th Cir. 2012) (internal quotation marks and citation omitted). Also, Salinas's role as a transporter does not necessarily entitle him to a sentence reduction. *See id. at* 376.

No. 13-41156

Salinas was only held responsible for the amount of marijuana found in the van he was driving and in a nearby shed, not for some larger amount that might have been part of an undefined broader conspiracy. Salinas was entrusted with driving the van and he also unloaded drugs from the van. Other participants carried the drugs out of the brush and loaded the van. Another participant who helped Salinas unload the van was not prosecuted. Salinas has not demonstrated that his role was minor or minimal with regard to his discrete offense or that he was less culpable than the average participant in light of the conduct for which he was held responsible. Here, the district court did not clearly err in denying Salinas a mitigating role reduction. *See Perez-Solis*, 709 F.3d at 471-72. The judgment is AFFIRMED.